UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J. & P. ASSOCIATES, INC.,

    PLAINTIFF,

v.                                                  CASE NO. 06-13853

SPECIALTY STAMPING, LLC,        HONORABLE SEAN F. COX

    DEFENDANT.
_____/

**OPINION & ORDER
GRANTING IN PART, AND DENYING IN PART,
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This sales commission dispute is currently before the Court on Plaintiff's Motion for Entry of Default Judgment. For the reasons set forth below, the motion shall be granted in part and denied in part.

BACKGROUND

Plaintiff J.&P. Associates, Inc. ("Plaintiff"), an independent manufacturer's representative, filed its "Complaint for Sales Commissions" against Defendant Specialty Stampings, L.L.C. ("Defendant") on August 29, 2006. Plaintiff's complaint asserts that Plaintiff and Defendant entered into a written Manufacturer's Representative Agreement ("MRA") in December of 2001, and that Defendant has breached the MRA by failing to pay sales commissions since August 2005. Plaintiff's complaint seeks monetary damages "in excess of One Hundred Thousand and 00/100 ($100,000) Dollars," and also seeks costs, interest and attorney fees, for Defendant's breach of the MRA (Compl. at 2).

After Defendant failed to plead or otherwise defend after being served with the complaint, on November 14, 2006, a Clerk's Entry of Default was issued. (Docket Entry No. 5).

On February 16, 2007, Plaintiff filed the instant Motion for Entry of Default Judgment. Plaintiff served a copy of its Motion for Entry of Default Judgment on Defendant. (*See* Docket Entry No. 8). Defendant has not filed a response to the motion, nor has it attempted to set aside the Clerk's Entry of Default.

## ANALYSIS

In its Motion for Entry of Default Judgment, Plaintiff seeks: 1) unpaid sales commissions under the MRA of $137,630.42; 2) prejudgment interest in accordance with state law; and 3) post-judgment interest in accordance with federal law.

In addition, Plaintiff asserts that on June 12, 2003, the parties entered into a second agreement under which Defendant agreed to pay Plaintiff a monthly retainer of $2,000 ("the Retainer Agreement"). A copy of the Retainer Agreement is attached to Pl.'s Motion as Exhibit B. Plaintiff asserts that Defendant owes it a total of $34,000 under the Retainer Agreement.

In support of its requested amounts, Plaintiff has submitted an affidavit from James Everett, Plaintiff's President, attesting to the amounts owed by Defendant. Additional testimony was taken at a hearing held on April 23, 2007. The Court believes that based upon the evidence presented, Plaintiff is entitled to unpaid sales commissions under the MRA of $137,630.42, along with prejudgment interest and post-judgment interest.

The Court may not, however, grant a default judgment as to the $34,000 requested for the alleged breach of the Retainer Agreement. Rule 54 of the Federal Rules of Civil Procedure provides that a "judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FED. R. CIV. P. 54(c). Here, Plaintiff's complaint alleges only a breach of the MRA. Plaintiff's complaint does not assert a breach of the Retainer Agreement or request any damages from a breach of the Retainer Agreement. Thus, in

requesting a default judgment that includes $34,000 for an alleged breach of the Retainer Agreement, Plaintiff is requesting relief different in kind than that requested in its complaint.

Accordingly, at the April 23, 2007 hearing, the Court requested that Plaintiff submit a revised proposed default judgment that : 1) excludes any damages for breach of the Retainer Agreement, and 2) recalculates the pre-judgment interest based upon the corrected amount of damages.  Plaintiff's counsel promptly submitted the revised proposed default judgment following the hearing and the Court is satisfied that the revised proposed default judgment should be entered.

## CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED IN PART AND DENIED IN PART**.  The Default Judgment shall issue forthwith.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2007, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager